UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN M. DIBBS,<br><br>        Plaintiff,<br><br>        v.<br><br>THE FRANKLIN MINT, *et al.*,<br><br>        Defendants. | CASE NO. C06-604RSM<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on defendants' Motion to Compel Answers to Interrogatories and Production of Documents. (Dkt. #25). Defendants argue that plaintiff has failed to produce documents responsive to defendants' requests for production despite the fact that plaintiff had agreed to produce such documents at a mutually agreeable time. Additionally, defendants argue that plaintiff has responded to several of defendants' interrogatories by invoking Fed. R. Civ. P. 33(d), but have not complied with the requirements of this rule. Plaintiff did not file a timely response.

Having reviewed defendants' motion, the declaration and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Compel Answers to Interrogatories and Production of Documents (Dkt. #25) is GRANTED IN PART. As an initial matter, the Court addresses plaintiff's untimely response. Pursuant to Local Rule CR 7(d)(3), "[a]ny opposition papers shall be filed and served not later than the Monday before the noting date." Here, defendants

ORDER
PAGE - 1

1   correctly noted their motion to compel for Friday, November 23, 2007, thereby requiring
2   plaintiff to respond by Monday, November 19, 2007.  However, plaintiff's response was filed
3   on November 20, 2007, one day after the required deadline as contemplated by this Court's
4   rules.  Plaintiff nevertheless does not suffer prejudice from his dilatory conduct for the
5   following two reasons.

6   First, defendants have indicated to the Court that the issue regarding its requests for
7   production of documents has been resolved.  On December 3, 2007, defendants filed a notice
8   to the Court regarding its motion to compel.  (Dkt. #38).  In this pleading, defendants
9   indicated that "[o]n November 26 and 28, 2007, plaintiff produced 329 pages of documents to
10  defendants.  It appears that these are the documents that plaintiff agreed to produce in his
11  responses to several of defendants' requests for production, and that were one of the subjects
12  of the Motion to Compel."  *Id.* at 1.  Accordingly, this portion of defendants' motion is
13  STRICKEN AS MOOT.

14  Second, the Court finds merit in defendants' arguments with respect to Fed. R. Civ. P.
15  33(d).  Fed. R. Civ. P. 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be *substantially the same for either party*, the responding party may answer by: (1) *specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could*; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

21  *Id.* (emphasis added).

22  The primary purpose of Fed. R. Civ. P 33(d) is to "shift the time and cost burden, of
23  perusing documents in order to supply answers to discovery requests, from the producing
24  party to the party seeking the information."  *SEC v. Elfindepan*, 206 F.R.D. 574, 576
25  (M.D.N.C. 2002) (*citing Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 225-26 (10th
26  Cir. 1976)).  A party claiming that the opposing party inappropriately used Fed. R. Civ. P.
27  33(d) must make a prima facie showing that the use of this rule is somehow inadequate, either
28  because the information is not fully contained in the documents or because it is too difficult to

ORDER
PAGE - 2

1  extract. *See* 7-33 Moore's Federal Practice - Civil ¶ 33.105.  The burden then shifts to the
2  producing party to justify the use of Fed. R. Civ. P. 33(d) instead of direct answers to
3  interrogatories.  *Id.*  The producing party may satisfy this burden by first showing that a
4  review of documents will actually reveal answers to the interrogatories, and then justifying
5  why the burden should shift from the responding party to the requesting party.  *Id.*

6  Here, plaintiff has responded to defendants' Interrogatories Nos. 1, 3, 4, 5, and 6 by
7  invoking Fed. R. Civ. P. 33(d).  (Dkt. #26, Decl. of Stuart R. Dunwoody, Exh. A, pp. 7-15).
8  Specifically, plaintiff responds to each of these interrogatories by stating:

> Without waving his objections, pursuant to [Fed. R. Civ. P.] 33(d), in lieu of responding to this interrogatory, Plaintiff makes available the documents produced with its response to Defendants' Request for Production of Documents, as the answer may be derived from the business records of Plaintiff to the extent such records exist and are properly discoverable.

*Id.*

Plaintiff does not, however, specify which records must be reviewed in sufficient detail to enable defendants to locate and identify such records as required by Fed. R. Civ. P. 33(d). Nor does plaintiff offer any justification for why the burden should be shifted from him to defendants other than the conclusory statement mentioned above.  Consequently, the Court GRANTS defendants' motion with respect to the portion of defendants' motion to compel that requests plaintiff to comply with Fed. R. Civ. P. 33(d).  Further, the Court ORDERS plaintiff to properly respond to defendants' Interrogatories Nos. 1, 3, 4, 5, and 6 <u>no later than twenty-one (21) days from the date of this Order</u>.

(2)  The Clerk is directed to forward a copy of this Order to all counsel of record .

DATED this 10 day of December, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3